```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

ERIC LEIGH HARDER; BOBBY JO STANLEY,

           Plaintiffs,

vs.                     Case No. 2:06-cv-239-FtM-99DNF

MIKE SCOTT; DANIEL MCNELLIS,

           Defendants.
_____

## ORDER

    Plaintiff,[1] Eric Leigh Harder, an inmate of the Florida penal system who is proceeding *pro se* and who requested to proceed *in forma pauperis*, initiated this action on May 9, 2006 by filing a civil rights complaint form (Doc. #1).

    In the Statement of Facts, Plaintiff alleges that while he was trying to sleep, another inmate named Daniel McNellis began yelling outside Plaintiff's cell door. Complaint, Section VII, p. 8. When Plaintiff asked McNellis why he was yelling, McNellis spit on Plaintiff. Id. Plaintiff states that he immediately called officer Zazworski to inform him of the incident. Id. Plaintiff states that Zazworski then passed information regarding the incident to Sergeant Pavease, who passed the information to an unknown lieutenant. Id. at 8-9. Plaintiff alleges that the jail officials have done nothing about the reported incident. Id. at 9. Plaintiff requests that criminal charges be brought against inmate

---

[1] It is unclear if Bobby Jo Stanley is named as an additional plaintiff. The Civil Rights Complaint form was only signed by Plaintiff Harder.

McNellis and seeks $250,000 compensation from the Lee County Sheriff because he has "experienced great mental anguish with the rejection of his rights." Id. at 9-10.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires that the Court dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed *in forma pauperis* which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). More specifically, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless." Nietzke, 490 U.S. at 327. The case should be dismissed when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32

(1992). Additionally, a case should be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal, 251 F.3d 1346 at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds by*, Daniels v. Williams, 474 U.S. 327 (1986); Burch v. Apalachee Community Mental Health Services, Inc., 840 F.2d 797, 800 (11th Cir. 1988), aff'd, Zinermon v. Burch, 494 U.S. 113 (1990).Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), *reh'g and suggestion for reh'g en banc denied*, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995).

In addition, a plaintiff must allege and establish an affirmative casual connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, 286 F.3d at 1059; Swint v. City of Wadley, 51 F.3d at 988 (11th Cir. 1995); Tittle v. Jefferson County Commn., 10 F.3d 1535, 1541 (11th Cir. 1994).

Plaintiff's Complaint is fatally flawed and must be dismissed. First, with respect to Defendant McNellis, Plaintiff fails to satisfy the initial § 1983 inquiry because Plaintiff's complaint is based on an action done by another prison inmate, not a person

acting under the color of state law.  Clearly, Defendant McNellis does not qualify as a person acting under color of state law.  The conduct of which Plaintiff complains, although not appropriate, certainly is not the type of conduct that deprives Plaintiff of any rights, privileges, or immunities guaranteed under the Constitution or laws of the United States.

Second, Plaintiff's Complaint contains no allegations against Defendant Sheriff, Mike Scott, yet alone that he personally participated in any alleged constitutional deprivation.  Brown v. Crawford, 906 F.2d 667, 671 (11th Cir.) cert. denied 500 U.S. 933 (1990).  Plaintiff is required to show an affirmative causal connection between an official's acts and the alleged constitutional deprivation.  Harris v. Ostrout, 65 F.3d 912, 917 (11th Cir. 1995).  In the Complaint, Plaintiff's claims against Defendant Scott appear predicated upon the Defendant's Scott's supervisory position as Sheriff of Lee County.  Section 1983 claims predicated on *respondeat superior* theories have been uniformly rejected.  Mondell v. Dep't of Social Services, 436 U.S. 658, 690-692, 98 S. Ct. 2018, 2036 (1978); LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993), cert. denied, 510 U.S. 1164, 114 S. Ct. 1189 (1994).  Nor does Plaintiff's Complaint contain any allegations of a policy, custom or practice that was the "moving force" behind Defendant McNeliis' alleged misconduct.  Board of County Commissioners v. Brown, 117 S. Ct. 1382, 1388 (1997), see also

<u>Jones v. Cannon</u>, 174 F.3d 1271, 1292 (11th Cir. 1999), <u>Tennant V. Florida</u>,111 F. Supp. 2d 1326 (S.D. Fla. 2000). Consequently, the Court finds Plaintiff's Complaint fails to state a constitutional claim against Defendant Mike Scott.

ACCORDINGLY, it is now

**ORDERED**:

1. Plaintiff's Complaint (Doc. #1) is dismissed without prejudice pursuant to 28 U.S.C. § 1915 (e)(2).

2. The Clerk of the Court shall: (1) enter judgment accordingly; (2) terminate any pending motions; (3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of June, 2006.

_John E. Steele_
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record